UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MSC MEDITERRANEAN SHIPPING COMPANY S.A., <br><br> Plaintiff, <br><br> -against- <br><br> OCEANIC CONTAINER LINE, INC., <br><br> Defendant. | 19 Civ. 6440 <br><br><br> COMPLAINT |

PLEASE TAKE NOTICE that Plaintiff, MSC MEDITARRANEAN SHIPPING COMPANY S.A. ("MSC"), by its attorneys, Mahoney & Keane, LLP, as and for a Complaint against Defendant, OCEANIC CONAINTER LINE, INC. ("OCI"), alleges, upon information and belief, as follows:

1. This is a claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls under the Court's admiralty and maritime and federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333 in that it involves a claim for the breach of a maritime contract, and the claim also falls under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2. Plaintiff, MSC, is a corporation duly organized and existing pursuant to the laws of foreign country, with offices and place of business located in Geneva, Switzerland.

3. Defendant, OCI, is a domestic corporation licensed with the Federal Maritime Commission as a non-vessel owning common carrier and ocean transportation intermediary with offices and a place of business located at 2350 Hylan Boulevard, Staten Island, New York 10306.

4. The United States District Court for the Southern District of New York is the proper venue for this action pursuant to the Jurisdiction clause contained in the governing Bills of Lading.

5. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

## AS AND FOR A FIRST CAUSE OF ACTION

6. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "5" as if specifically set forth herein at length.

7. On or about July of 2018 February through March of 2019, and at all times relevant herein, MSC, as "Carrier", and OCI, as "Shipper", entered into and were parties to bills of lading, the numbers of which are detailed in the attached Exhibit 1, for the ocean carriage of various containerized cargoes from United States ports to foreign ports.

8. Plaintiff duly performed all duties and obligations required to be performed by Plaintiff in connection with the goods.

9. Defendant wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreements by, inter alia, failing to pay for ocean freight, as well as incidental demurrage, equipment, fuel, port, and/or cargo-handling duties, fees, costs, charges, and/or expenses accrued on the containers, all as duly invoiced by Plaintiff to Defendant and, again, memorialized in the attached Exhibit 1.

10. As a result of Defendant's breach of the agreements, Plaintiff has incurred, and will continue to incur, costs and expenses for which Defendant is liable under the terms of the governing contracts and at law.

11. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject agreements and violated Plaintiff's rights under the law.

12. Despite Plaintiff's repeated demands, Defendant has failed to pay the Plaintiffs' damages due and owing under the agreements and at law.

13. By reason of the foregoing, Plaintiff has sustained damages in the amount of $338,153.99, together with interest, costs, fees, including reasonable attorneys' fees, and expenses.

## AS AND FOR A SECOND CAUSE OF ACTION

14. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "13" as if specifically set forth herein at length.

15. Defendant has an account stated with Plaintiff.

16. By reason of the foregoing, Plaintiff has sustained damages in the amount of $338,153.99, together with interest, costs, fees, including reasonable attorneys' fees, and expenses.

## AS AND FOR A THIRD CAUSE OF ACTION

17. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "16" as if specifically set forth herein at length.

18. Defendant has been unjustly enriched at Plaintiff's expense, and Plaintiff is entitled to restitution from Defendant in the amount of $338,153.99, together with interest, costs, fees, including reasonable attorneys' fees, and expenses.

## AS AND FOR A FOURTH CAUSE OF ACTION

19. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "18" as if specifically set forth herein at length.

20. Plaintiff is due from Defendant the quantum meruit of Plaintiff's services.

- 4 -

WHEREFORE, Plaintiff prays that judgment be entered in favor of Plaintiff and against Defendant for an amount exceeding $338,153.99, together with interest, costs, fees, including reasonable attorneys' fees, and disbursements; that Court process be issued against the Defendant; and that Plaintiff be granted such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	July 11, 2019

                                                MAHONEY & KEANE, LLP
                                                Attorneys for Plaintiff

By:	s/ Garth S. Wolfson
	Edward A. Keane
	Garth S. Wolfson
	61 Broadway, Suite 905
	New York, New York 10006
	(212) 385-1422