UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MSC MEDITERRANEAN SHIPPING COMPANY S.A.,

Plaintiff,

- against -

OCEANIC CONTAINER LINE, INC.

Defendant.

**ORDER**

19 Civ. 6440 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

Plaintiff MSC Mediterranean Shipping Co. S.A. has moved for entry of judgment against Defendant Oceanic Container Line, Inc. (Pltf. Mot. (Dkt. No. 11)) For the reasons stated below, Plaintiff's motion will be denied without prejudice.

## BACKGROUND

Plaintiff MSC is a foreign corporation with its principal place of business in Geneva, Switzerland. (Cmplt. (Dkt. No. 1) ¶ 2) Defendant Oceanic is a domestic corporation with its principal place of business in Staten Island, New York. (Id. ¶ 3)

Between July 2018 and March 2019, MSC and Oceanic entered into bills of lading providing for "the ocean carriage of various containerized cargoes from United States ports to foreign ports." (Id. ¶ 7) MSC alleges that Oceanic "breached the terms of the subject agreements by, inter alia, failing to pay for ocean freight, as well as incidental demurrage, equipment, fuel, port, and/or cargo-handling duties, fees, costs, charges, and/or expenses accrued on the containers, all as duly invoiced by [MSC] to [Oceanic]." (Id. ¶ 9)

On July 11, 2019, MSC commenced this action to recover $338,153.99 that it claims it is owed by Oceanic under the parties' agreements. (Id. at 4)

On October 23, 2019, the parties informed the Court that they had reached "a confidential Settlement Agreement resolving this matter, together with all asserted or unasserted claims or counter-claims related thereto." The parties also submitted a proposed order of dismissal. (Oct. 25, 2019 Proposed Order (Dkt. No. 9) at 1) On October 25, 2019, this Court entered an order of dismissal. (Dismissal Order (Dkt. No. 10)) That order provides that the action is "dismissed with prejudice and without costs to either party," and that this Court will retain "jurisdiction over any claims which might arise in connection with the [parties'] Settlement Agreement." (Id. at 1)

MSC represents that – pursuant to the parties' Settlement Agreement – "[Oceanic] executed a Consent Judgment to be held in escrow" by MSC's counsel. (Wolfson Decl. (Dkt. No. 12) ¶ 4) According to MSC, "[i]n the event of [Oceanic's] default in paying the installments and failure to cure after ten days' e-mail notice, the [parties'] Settlement Agreement authorized MSC to submit the Consent Judgment upon notice of motion to the Court, together with a statement setting forth the total amount due at the time of filing." (Id. ¶ 4) MSC represents that "[t]he Settlement Agreement provided that [Oceanic] would then be permitted to contest only the amount claimed to remain due." (Id.) MSC has not provided the Court with the parties' Settlement Agreement, however.

MSC claims that, "[w]hile [Oceanic] has partially satisfied the settlement, the sum of $156,259.36 still remains due and owing." (Id. ¶ 6) MSC has submitted a February 15, 2021 email from MSC's counsel to Oceanic's counsel providing notice of Oceanic's default and MSC's intention to "enter the Confession of Judgment previously agreed." (Wolfson Decl., Ex. 4 (Dkt. No. 12-5) at 1)

On June 11, 2021, MSC filed the instant motion, requesting that this Court issue an order "directing entry of judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure in favor of MSC and against [Oceanic] in the amount of $156,259.36, together with interest, attorney's fees, and costs, and such other and further relief as the Court may deem just and proper." (Pltf. Mot. (Dkt. No. 11) at 1)

On June 25, 2021, MSC informed the Court that Oceanic had retained new counsel in connection with "winding down its business and affairs." (Pltf. June 25, 2021 Ltr. (Dkt. No. 15) at 1) "As an accommodation to [Oceanic], and to allow the parties to continue to discuss a possible resolution of the matter," MSC moved to extend all deadlines associated with the present motion. (Id.) The Court granted that request (June 29, 2021 Order (Dkt. No. 16)), but the parties have not submitted any additional updates regarding the status of their discussions.

**DISCUSSION**

"'A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it.'" Butler v. Suria, 17 Civ. 3077 (KPF), 2020 WL 5105160, at *2 (S.D.N.Y. Aug. 31, 2020) (quoting Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974)). "A settlement agreement is a contract that is interpreted according to general principles of contract law." Omega Eng'g Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005).

To enforce the terms of the Settlement Agreement here, however, this Court requires access to the Settlement Agreement, which has not been submitted by the parties. See Omega, 432 F.3d at 442, 445 (interpreting terms of the parties' settlement agreement); Lantino v. Clay LLC, No. 18 Civ. 12247 (SDA), 2020 WL 2239957, at *2 (S.D.N.Y. May 8, 2020) (noting

that "the Settlement Agreement was filed with the Court"); Armco Inc. v. North Atl. Ins. Co., No. 98 Civ. 6084 (AGS), 1999 WL 173579, at *2 (S.D.N.Y. Mar. 29, 1999) (noting that the parties' "nine page settlement agreement" is "annexed to" consent judgment).

Accordingly, because MSC has not submitted the parties' Settlement Agreement, its motion is denied without prejudice to submitting a new motion that includes and references the terms of the Settlement Agreement that MSC seeks to enforce.

The parties will submit a letter by **April 5, 2022**, updating the Court as to their efforts to resolve the dispute concerning Oceanic's payment pursuant to the Settlement Agreement.

The Clerk of Court is directed to terminate the motion (Dkt. No. 11).

Dated: New York, New York
March 29, 2022

SO ORDERED.

Paul G. Gardephe
United States District Court