UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MSC MEDITERRANEAN SHIPPING
COMPANY S.A.,

                Plaintiff,

       - against -

OCEANIC CONTAINER LINE, INC.

                Defendant.

**ORDER**

19 Civ. 6440 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff MSC Mediterranean Shipping Co. S.A. has moved for entry of judgment against Defendant Oceanic Container Line, Inc. (Pltf. Mot. (Dkt. No. 11)) For the reasons stated below, Plaintiff's motion will be granted.

## BACKGROUND

        Plaintiff MSC is a foreign corporation with its principal place of business in Geneva, Switzerland. (Cmplt. (Dkt. No. 1) ¶ 2) Defendant Oceanic is a domestic corporation with its principal place of business in Staten Island, New York. (Id. ¶ 3)

        Between July 2018 and March 2019, MSC and Oceanic entered into bills of lading providing for "the ocean carriage of various containerized cargoes from United States ports to foreign ports." (Id. ¶ 7) MSC alleges that Oceanic "breached the terms of the subject agreements by, inter alia, failing to pay for ocean freight, as well as incidental demurrage, equipment, fuel, port, and/or cargo-handling duties, fees, costs, charges, and/or expenses accrued on the containers, all as duly invoiced by [MSC] to [Oceanic]." (Id. ¶ 9)

        On July 11, 2019, MSC commenced this action to recover $338,153.99 that it claims it is owed by Oceanic under the parties' agreements. (Id. at 4)

On October 23, 2019, the parties informed the Court that they had reached "a confidential Settlement Agreement resolving this matter, together with all asserted or unasserted claims or counter-claims related thereto." The parties submitted a proposed order of dismissal (Oct. 25, 2019 Proposed Order (Dkt. No. 9)), and on October 25, 2019, this Court entered an order of dismissal. (Dismissal Order (Dkt. No. 10)) That order provides that the action is "dismissed with prejudice and without costs to either party," and that this Court retains "jurisdiction over any claims which might arise in connection with the [parties'] Settlement Agreement." (Id. at 1) The Settlement Agreement referenced by the parties was not provided to the Court at the time of the Dismissal Order.

MSC now contends that "[w]hile [Oceanic] has partially satisfied the settlement, the sum of $156,259.36 still remains due and owing." (Wolfson Decl. (Dkt. No. 12) ¶ 6) MSC further states that – pursuant to the parties' Settlement Agreement – "[Oceanic] executed a Consent Judgment to be held in escrow" by MSC's counsel. (Id. ¶ 4) According to MSC, "[i]n the event of [Oceanic's] default in paying the installments and failure to cure after ten days' e-mail notice, the [parties'] Settlement Agreement authorized MSC to submit the Consent Judgment upon notice of motion to the Court, together with a statement setting forth the total amount due at the time of filing." (Id. ¶ 4) According to MSC, "[t]he Settlement Agreement provide[s] that [Oceanic] would then be permitted to contest only the amount claimed to remain due." (Id.)

On June 11, 2021, MSC filed the instant motion, requesting that this Court issue an order "directing entry of judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure in favor of MSC and against [Oceanic] in the amount of $156,259.36, together with interest, attorney's fees, and costs, and such other and further relief as the Court may deem just

and proper." (Pltf. Mot. (Dkt. No. 11) at 1)[1] MSC did not submit a copy of the Settlement Agreement on which it relied.

In a June 25, 2021 letter, MSC states that Oceanic had retained new counsel in connection with "winding down its business and affairs." (June 25, 2021 Pltf. Ltr. (Dkt. No. 15) at 1) "As an accommodation to [Oceanic], and to allow the parties to continue to discuss a possible resolution of the matter," MSC moved for a thirty-day extension to all deadlines associated with the instant motion. (Id.) The Court granted that request (June 29, 2021 Order (Dkt. No. 16)), but the parties did not submit any additional updates.

On March 29, 2022, having received no new information from the parties, this Court denied MSC's motion without prejudice, because MSC had still not submitted a copy of the Settlement Agreement on which it relied. (March 29, 2022 Order (Dkt. No. 17))

In a March 29, 2022 letter, MSC states that Oceanic's counsel had reported that Oceanic was "out of business, and that no further progress ha[d] been made toward satisfying the terms of the settlement." (Mar. 29, 2022 Pltf. Ltr. (Dkt. No. 18)) Oceanic's counsel also consented to the disclosure of the Settlement Agreement, a copy of which MSC attached to its March 29, 2022 letter. (Settlement Agmt. (Dkt. No. 18-1)) Having submitted the Settlement Agreement to the Court, MSC renewed its motion for entry of judgment. (Mar. 29, 2022 Pltf. Ltr. (Dkt. No. 18))

---

[1] In support of its motion, MSC has submitted a February 15, 2021 email from MSC's counsel to Oceanic's counsel providing notice of Oceanic's default and MSC's intention to "enter the Confession of Judgment previously agreed." (Wolfson Decl., Ex. 4 (Dkt. No. 12-5) at 1)

3

## DISCUSSION

"'A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it.'" Butler v. Suria, 17 Civ. 3077 (KPF), 2020 WL 5105160, at *2 (S.D.N.Y. Aug. 31, 2020) (quoting Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974)). "A settlement agreement is a contract that is interpreted according to general principles of contract law." Omega Eng'g Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005).

Here, the Settlement Agreement provides that Oceanic will pay the $338,154.00 settlement amount through an initial payment of $25,000.00 and a bond payment of $75,000.00, followed by thirty-eight monthly installments of $7,938.47. (Settlement Agmt. (Dkt. No. 18-1) at 1-2)  The Settlement Agreement further provides that, if Oceanic fails to make payment "within ten (10) business days of the due date and demand from MSC and notice[,] . . . MSC shall be entitled to file the Consent Judgment [attached as an exhibit to the Settlement Agreement] on notice of motion to [Oceanic]." (Id. at 3)  The Settlement Agreement further states that in the event of a default, Oceanic "shall have the right to contest only the amount claimed due." (Id.)

This Court "find[s] the language authorizing the entry of judgment after default to be unequivocal evidence of the parties' intent." Dan Dong Dong Jin Garment Co. v. KIK Fashions Inc., No. 11 Civ. 2650 (LBS), 2012 WL 2433530, at *1 (S.D.N.Y. June 27, 2012). Moreover, Oceanic has not disputed either that it is in default or the amount that Plaintiff claims is due.

Accordingly, MSC's motion for entry of judgment against Oceanic is granted. Before this Court can enter judgment, however, it must understand how Plaintiff arrived at the

figure of $156,259.36 as the amount due and owing. And to the extent that Plaintiff seeks an award of attorneys' fees and costs, Plaintiff must set forth the amount of attorneys' fees and costs it seeks, supported by an affidavit or declaration attaching billing records and an itemization of costs. Plaintiff will submit a proposed judgment and the necessary supporting documents by **December 12, 2023.**

Dated:  New York, New York
        December 5, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Court